E-FILED
Thursday, 09 July, 2009 12:42:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHARLES WILLIAMS,
    Plaintiff,

vs.                                                      08-1199

VARIOUS NURSES AND JOHN DOE DEFENDANTS,
    Defendants.

## CASE MANAGEMENT ORDER

This cause is before the court for case management and consideration of the plaintiff's motion for leave to file an amended complaint. [d/e 7].

### I. BACKGROUND

The plaintiff originally filed his complaint on August 11, 2008. On September 22, 2008, the court informed the plaintiff that he had adequately alleged that Defendants at Hill Correctional Center had been deliberately indifferent to his serious medical condition when they refused to provide him treatment for Hepatitis C. *See* September 22, 2008 Text Order. However, the plaintiff had failed to identify any defendants other than "various nurses" and "John Does." (Comp, p. 1). The court informed the plaintiff that the lawsuit could not proceed without the names of defendants to serve. The plaintiff was given additional time to provide this information to the court.

The plaintiff responded by providing the court with a copy of a grievance filed at Big Muddy Correctional Center in September of 2008 complaining about medical care. In the body of the grievance, the plaintiff said he was first diagnosed with Hepatitis C in 2005 and needed immediate treatment. (d/e 5, p. 3).

The court informed the plaintiff that there were several potential problems with the document. First, the court explained that the plaintiff faced a statute of limitations period. *See* Nov. 19, 2008 Court Order, p. 2. Second, the court explained that if the plaintiff was complaining about treatment at the Big Muddy Correctional Center, and the proper venue for this claim was in the United States District Court for the Southern District of Illinois. *Id.* Third, the court advised the plaintiff that he must exhaust administrative remedies for any claim before filing a lawsuit. *Id.,* p. 2-3.

The court then spelled out five questions the plaintiff had to answer and gave the plaintiff additional time to do so. The plaintiff was to provide the time frames he was incarcerated at

1

both Hill Correctional Center and Big Muddy Correctional Center. He was to state when he was first diagnosed with Hepatitis C. And, the plaintiff was to provide the names of defendants who refused to provide him medical care. The plaintiff was advised that if he failed to respond to the five specific questions propounded by the court, his case would be dismissed. *Id.,* p. 3

## II. MERIT REVIEW

The plaintiff has responded by filing a motion for leave to file an amended complaint. [d/e 7] and a letter. [d/e 8]. The court will grant the motion to amend the complaint and will conduct a merit review of the document. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.§1915A. The court will also consider the specific directions and admonitions provided to the plaintiff in its November 19, 2008 Court Order.

In the letter to the court, the plaintiff provides responses to the court's questions. The plaintiff says he was incarcerated at Hill Correctional Center from December of 2004 to May of 2007, the plaintiff was then moved to Big Muddy Correctional Center.

The plaintiff says he was first diagnosed with Hepatitis C on December 4, 2004. The plaintiff says defendants at Hill Correctional Center were aware of the diagnosis, but did not provide treatment. The plaintiff also claims he was not provided treatment at Big Muddy Correctional Center.

In his amended complaint, the plaintiff names the following seven defendants: Illinois Department of Corrections Director Roger Walker, Dr. Gillis, Dr. Leyland Thomas, Dr. Rankin, Nurse Debbie Isaacs, the Big Muddy Healthcare Administrator and Wexford Health Source.

The plaintiff says Dr. Gillis first diagnosed the plaintiff with Hepatitis C on December 1, 2004, but provided no treatment. The plaintiff says he was tested a second time by Dr. Rankin on April 13, 2005, and he again tested positive. The plaintiff says he was still provided no treatment. The plaintiff says he was then transferred to Big Muddy Correctional Center were Dr. Leyland Thomas ordered a liver biopsy which confirmed the plaintiff's condition, but no treatment was provided. The plaintiff says Nurse Isaacs and Wexford Health Source have also failed to provide care and Wexford has a policy of failing to provide treatment for inmates with Hepatitis C.

The plaintiff asks for damages and also asks for "preliminary and permanent injunctions ordering the defendants to abide by the American Medical Association and American Dental Association guidelines for treatment of inmates medical and dental needs." (Comp, p. 5)

2

The plaintiff ignored the warnings the court provided to the plaintiff in its November 19, 2008 Court Order. The plaintiff has still combined claims concerning events and defendants at Hill Correctional Center and Big Muddy Correctional Center. Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Venue for the portions of the plaintiff's complaint concerning Hill Correctional Center is in the United States District Court for the Central District of Illinois. Venue for the portions of the plaintiff's complaint concerning Big Muddy Correctional Center is in the Southern District of Illinois.

Rule 20 of the Federal Rules of Civil Procedure provides that a plaintiff may join defendants in one lawsuit "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P 20(a). Although the plaintiff claims defendants at both facilities denied him medical care, there is no reason stated for bringing all the claims in the Central District of Illinois. Since the plaintiff's allegations do not appear to arise out of a common transaction, the court will not allow the joinder of defendants outside the Central District of Illinois. Therefore, the court will dismiss all claims and defendants from Big Muddy Correctional Center. If the plaintiff wishes to pursue these claims, he must file his lawsuit within the statute of limitations period in the federal court in the Southern District of Illinois. Therefore, the court will dismiss Defendants Dr. Leyland Thomas, the Big Muddy Healthcare Administrator and Debbie Isaacs since the plaintiff identifies these individuals as working at Big Muddy Correctional Center.

The plaintiff has also ignored the statute of limitations period for his claims involving Hill Correctional Center. The plaintiff was diagnosed with Hepatitis C in 2004 and says he knew he was not receiving the necessary treatment. As the court previously explained state law governs the limitations period and tolling rules for a §1983 action. *Heard v. Sheahan*, 253 F.3d 316, 317-318 (2001) The statute of limitations on civil rights action is two years in Illinois. *Gonzalez v. Entress*, 133 F.3d 551, 554 (7th Cir.1998). The statute of limitations period begins at the time "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992).

The plaintiff filed this lawsuit on August 11, 2008, therefore he can only bring claims concerning his lack of medical care from August 11, 1006. Since the plaintiff was transferred from Hill Correctional Center in May of 2007, the court can only consider claims from August 11, 2006 to May of 2007. The only mention of Dr. Gillis in the complaint is based on a test performed in December of 2004 and the only mention of Dr. Rankin is based on a test performed in April of 2005. Neither of these is within the required statutory time frame and therefore the

3

court will dismiss the claims against these individuals.

The court also notes that the plaintiff has failed to state a claim against Defendant Walker. The only mention of the Illinois Department of Corrections Director is in the plaintiff's list of defendants when he states that Walker is ultimately responsible for overseeing operations at correctional centers. This is not sufficient. A defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant's caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). Also, the mere fact that an individual was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). A supervisor cannot be held liable for the errors of his subordinates. Therefore, the court will dismiss any claims against Defendant Walker.

Finally, the court notes that the plaintiff cannot grant the plaintiff's requests for injunctive relief since the plaintiff is no longer housed at Hill Correctional Center. When a plaintiff is transferred to another prison, his request for an injunction against officials at the former prison is moot unless he is able to show that it is likely he will be re-transferred. *Higgason v. Farley*, 83 F.3d. 807, 811 (7th Cir. 1996); *Moore v. Thieret*, 862 F.2d 148, 149-50 (7th Cir. 1988). In addition, the plaintiff makes no claims concerning dental care.

The plaintiff is left with one tenuous official capacity claim that Wexford was deliberately indifferent to the plaintiff's serious medical condition and had a policy of refusing care for those inmates suffering from Hepatitis C. The plaintiff is reminded that he must show he exhausted his administrative remedies for this claim before he filed this lawsuit.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to amend the complaint is granted. [d/e 7] The clerk of the court is directed to dismiss the John Doe and Various Nurses defendants and add Defendants Walker, Dr. Gillis, Dr. Thomas, Dr. Rankin, Isaacs, the Big Muddy Healthcare Administrator and Wexford.**

**2) Pursuant to its merit review of the amended complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claim: Wexford Health Source was deliberately indifferent to the plaintiff's serious medical condition when it refused to provide treatment for Hepatitis C. The claim is against Wexford in its official capacity.**

**3) All other claims based on federal law, other than those set forth in paragraph (2) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. The clerk of the court is therefore directed to dismiss Defendants Walker,**

**Dr. Gillis, Dr. Thomas, Dr. Rankin, Isaacs and the Big Muddy Healthcare Administrator for improper venue or failure to state a claim upon which relief could
be granted.**

**3) This case shall proceed solely on those federal claims identified in paragraph (2) above. Any claims not set forth in paragraph (2) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6) The defendant shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 8th Day of July, 2009.

                                 s\Harold A. Baker
            _____
                                  HAROLD A. BAKER
                         UNITED STATES DISTRICT JUDGE