E-FILED
Monday, 22 March, 2010 10:12:20 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHARLES WILLIAMS,
    Plaintiff,

vs.                                                            08-1199

WEXFORD HEALTH SOURCES,
    Defendant.

## SUMMARY JUDGEMENT ORDER

      This cause is before the court for consideration of the defendants motion for summary judgement. [d/e 22]

### I. BACKGROUND

      The plaintiff originally filed his complaint on August 11, 2008. On September 22, 2008, the court informed the plaintiff that he had adequately alleged that Defendants at Hill Correctional Center had been deliberately indifferent to his serious medical condition when they refused to provide him treatment for Hepatitis C. *See* September 22, 2008 Text Order. However, the plaintiff had failed to identify any defendants other than "various nurses" and "John Does." (Comp, p. 1) The plaintiff was given additional time to provide this information to the court. *See* September 22, 2008 Text Order.

      The plaintiff responded by providing the court with a copy of a grievance filed at Big Muddy Correctional Center in September of 2008 complaining about medical care. The court explained that there were several potential problems with the plaintiff's claims including improper venue, a statute of limitations issue and a potential failure to exhaust administrative remedies. *See* November 19, 2008 Order.

      The court then spelled out five questions the plaintiff had to answer and gave the plaintiff additional time to comply. The plaintiff responded by filing an amended complaint and the court conducted a merit review. The plaintiff has one surviving claim before this court**:** Wexford Health Source was deliberately indifferent to the plaintiff's serious medical condition when it refused to provide treatment for Hepatitis C. The claim is against Wexford in its official capacity.

      The defendant has filed a motion for summary judgement alleging that the plaintiff failed to exhaust his administrative remedies as required before filing this lawsuit. [d/e 22] The plaintiff twice asked for additional time to file a response which was granted. *See* January 21, 2010 Text Order; February 25, 2010. However, the plaintiff was advised that if he failed to

respond to the March 12, 2010 deadline, the defendants motion would be considered without further input from the plaintiff. February 25, 2010 Text Order.

II. FACTS.

The following facts are taken from an affidavit provided by the defendant it its motion for summary judgement:

Terri Anderson states that she is the Manager of the Office of Inmate Issues/Administrative Review Board (herein ARB). As part of her duties she reviews inmate grievances and is familiar with the business records of the ARB. (Def. Memo, And. Aff, p. 1).

Anderson says she has reviewed the records of the ARB for any grievances filed by the plaintiff regarding his medical treatment for Hepatitis C during the relevant time frame he was housed at Hill Correctional Center. Anderson states there were no grievances received from the plaintiff.

III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*,

2

924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

IV. ANALYSIS

The defendant argues that the plaintiff failed to exhaust administrative remedies before filing this lawsuit. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001). The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002) Therefore, if an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo,* 286 F.3d at 1025.

The defendant has presented undisputed evidence that the plaintiff did not compete the grievance procedure by appealing a grievance concerning the issues in his complaint to the ARB. Therefore, the court must grant the defendant's motion for summary judgment.

**ITS IS THEREFORE ORDERED that:**

**1) The defendant's motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 22] The clerk of the court is directed to enter judgment in favor of the defendant in accordance with this order. The parties are to bear their own costs. This case is terminated.**

**2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)c. If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the**

outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such a change. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 22nd day of March, 2010.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE